```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | CRIMINAL ACTION NO. H-08-0-58 |
| v. | § § | CIVIL ACTION NO. H-10-3033 |
| DUC VI HUYNH, | § § | |
| Defendant-Movant. | § | |

## ORDER CORRECTING AND ADOPTING
## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending are Movant Duc Vi Huynh's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 98), to which the Government has filed its Response in Opposition (Document No. 115). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Huynh's Motion to Vacate, Set Aside or Correct Sentence be DENIED. Huynh filed Objections (Document No. 125) to the Memorandum and Recommendation. The Court, after having made a *de novo* determination of Huynh's Motion to Vacate, Set Aside or Correct Sentence, the Government's Response, the Magistrate Judge's Memorandum and Recommendation, and Huynh's Objections, finds that one clarifying correction needs to be made to the Memorandum and Recommendation or, more specifically, that a correction needs to be made to the Transcript of the sentencing hearing when the Court was ruling on Defendant's objection to the four-level adjustment for his being an

organizer/leader of a criminal activity involving five or more participants or that was otherwise extensive.

The Magistrate Judge quotes the subject Transcript passage from the sentencing hearing at page 9 of her Memorandum and Recommendation as follows:

> [THE COURT:]
>
> The Court finds from a preponderance of the evidence that the defendant was an organizer of this criminal activity, that it did involve five or more persons. He came from Canada to Houston. He spent some time here in Houston. He obtained **a don** to head the local organization. He dealt in large quantities of the methylenedioxymeth-amphetamine. He had drivers that were located--he had people in Canada to have contact with so **be** wouldn't be contacting his drivers direct while they were bringing the shipment in and a number of others that are referred to, some of whom by name, in the report. For all those reasons, the Court finds from a preponderance of the evidence that he was an organizer/leader in the conspiracy charged that took place over a period of some considerable time between one and two years, as I recall the evidence. And the objection is, therefore, denied.

Magistrate Judge's Memorandum and Recommendation, at 9 (emphasis added).

The Court did <u>not</u> say that Defendant "obtained **a don** to head the local organization," which is nonsensical.[1] The Court in fact found that Huynh obtained **Dung** to head the organization in Houston, which served to establish a new MDMA supply line into Houston. The

---

[1] The other typo in bold, "**be**," obviously should be "**he**," and is correct in the Transcript. It was the Magistrate Judge's inconsequential typo.

Court was referring to **Dung Nguyen**, who was first interviewed by FBI agents and again during a proffer session at the United States Federal Courthouse in Houston, Texas.  This is all reported in Huynh's Pre-Sentence Investigation Report dated May 21, 2009, which the Court adopted, an excerpt from which at paragraph 32 follows:

> Dung admitted he was introduced to **Huynh** by Thanh, a/k/a Vanessa, approximately 5 months prior to his (Dung's) arrest in July 2007.  Thanh informed Dung that **Huynh** had connections with multiple suppliers of MDMA in Canada. On one occasion, Thanh and Dung met **Huynh** in Seattle, Washington, and the three individuals drove to Houston, Texas.  Dung advised that **Huynh** stayed at the Kinghurst apartment in Houston for approximately two weeks.  During this period, **Huynh** asked Dung if "he wanted to work." Dung understood this to mean that **Huynh** wanted Dung to go into the drug business with him.  Shortly thereafter, Dung and **Huynh** "reached an agreement" and they established a new MDMA supply line into Houston.  Dung admitted that he received multiple shipments of MDMA from **Huynh** consisting of at least 10,000 pills per order. Dung further stated once the "order" was placed, **Huyhn** coordinated the transportation of MDMA from Canada to Houston using various drivers who employed a series of code words and prepaid cellular phones.

Pre-Sentence Investigation Report, Document No. 76, at 8 (emphasis in original).

The Court found from a preponderance of the evidence based on reports believed to be reliable and credible that Defendant Huyhn obtained **Dung** (<u>not</u> "a don") to head the Houston organization in this conspiracy, and that the conspiracy was extensive, in fact, international in scope, employed numerous drivers and intermediaries under Huynh's direction, and involved large

3

quantities of methylenedioxymethamphetamine. For those reasons the Court found that Huynh was indeed an organizer/leader in the charged conspiracy to which Defendant Huynh pled guilty.

With that correction of the error that originated in the Transcript, and carried forward into the Magistrate Judge's Memorandum and Recommendation, the Court finds that the findings and recommendations in the Magistrate Judge's Memorandum and Recommendation entered July 15, 2011, are otherwise correct and should be and hereby are accepted by the Court in their entirety. Therefore, it is

ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge signed and filed on July 15, 2011, which is adopted in its entirety--with the correction made above--as the opinion of the Court, that Movant Duc Vi Huynh's Motion to Vacate, Set Aside or Correct Sentence (Document No. 98) is DENIED and DISMISSED WITH PREJUDICE. It is further

ORDERED that a certificate of appealability is DENIED. A certified of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S. Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, which with the correction noted has been adopted as the opinion of the Court, reasonable jurists would not find debatable the Court's determination that no relief is available to

Huynh on the merits of his claims. Thus, a certificate of appealability is DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this __7TH__ day of October, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE